In re Bruce E. THUNBERG, Debtor.

No. 00–12818.

United States Bankruptcy Court,
D. Rhode Island.

Feb. 14, 2002.

Peter Berman, Raskin & Berman, Providence, RI, for Debtor.

Andrew Richardson, Robert Conrad Boyajian, Harrington & Richardson, Providence, RI, for Creditor.

Marc Wallick, Wallick & Paolino, Warwick, RI, Chapter 7 Trustee.

## ORDER DENYING REQUEST FOR SANCTIONS

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on November 27, 2001, on the Debtor's request for sanctions against Creditor Robert Conrad and his attorney.[1] Based on the discussion and the reasons given below, the request is DENIED.

### BACKGROUND

On or about April 27, 2001, Creditor Robert Conrad, Andrew Richardson, Esq., the Chapter 7 Trustee, and one other creditor filed separate objections to the Debtor's claimed exemptions. The Debtor responded to each objection and on May 4, 2001, propounded interrogatories to Conrad. Conrad's counsel at that time, Andrew Richardson, Esq., did not respond to the discovery request, but in early July Richardson informed Debtor's counsel that he would probably be representing the Chapter 7 Trustee, and in that event Conrad would be withdrawing his objection. On July 12, 2001, the Trustee filed an application to employ Richardson as his attorney, to which the Debtor objected. On August 8, 2001, prior to the hearing on the Trustee's application to employ counsel, the Debtor filed a motion to compel Conrad to comply with his outstanding discovery request. On August 14, 2001, after hearing, the application to employ was approved.

On August 27, 2001, after he was hired as attorney for the Trustee, Richardson withdrew Conrad's objection to exemption, in accordance with his prior advice to Debtor's counsel. On August 28, 2001, the Debtor's Motion to Compel was granted administratively, pursuant to R.I. LBR 9013–2(a)(1). The Debtor requests sanctions for filing the motion to compel, and for Conrad's failure to supply the requested discovery.

### DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure, which is incorporated into bankruptcy,[2] states in relevant part:

(4) Expenses and Sanctions.

(A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4).

Reviewing the facts in the context of Rule 37, I find that sanctions are not warranted in this instance, based on the guidelines furnished in the Rule. Prior to the Debtor filing the Motion to Compel, Richardson informed Debtor's counsel that he expected to be employed as Trustee's counsel, and in that event would be with-

---

1. At the hearing I learned for the first time that Fed. R. Bankr.P. 7037(a)(4) is the basis for the Debtor's motion. The motion itself is devoid of citation to any legal authority, and

in hindsight should have been denied on the papers, without a hearing.

2. *See* Fed. R. Bankr.P. 7037.

drawing Conrad's objection. With Conrad's objection withdrawn, the need for discovery became moot as there was no longer an issue in controversy between Conrad and the Debtor. As he had promised Debtor's counsel, Richardson withdrew Conrad's objection shortly after being approved as counsel to the Chapter 7 Trustee. Almost simultaneously, in the absence of any objection, the Debtor's motion to compel was granted by rule of Court. Administrative approval by the Clerk of the motion to compel was improvident, since the objection had been withdrawn on the previous day, and it is therefore VACATED. Without a showing that Conrad and/or his counsel acted in bad faith or with improper motive in this limited, and now ended, legal skirmish with the Debtor, the Motion for Sanctions is DENIED both as to Conrad and Richardson.